MICHAEL JABLONSKI and Tekla Jablonski v. D. P. PIESIK and D. Coutts and J. A. Wiech, as Sheriff of Stark County.

(153 N. W. 274.)

**Publication of summons — affidavit for — summons — service of — action — parties to — judgment.**

The affidavit for publication of summons is *held* insufficient and void, and that no service of summons was had upon defendant Piesik, who is held to be a necessary party to the action. The purported judgment rendered without service upon Piesik is a nullity, and is set aside and the cause remanded for further proceedings according to law.

Opinion filed May 25, 1915.

From a judgment the District Court of Dunn County, *Crawford*, J., defendants Coutts and Wiech appeal.

Reversed and remanded.

*T. F. Murtha* and *H. E. Haney*, for appellants.

Piesik was the holder of the notes and mortgage for the cancelation

of which this action was brought. He was a necessary party. 39 Cyc. 1396, (III).

Substituted service on Piesik by publication was attempted. It was void because of the insufficiency of the affidavit. The affidavit fails to give the said defendant's residence, nor does it show that such residence is unknown to the affiant. Such defects are jurisdictional. Roberts v. Enderlin Invest. Co. 21 N. D. 594, 132 N. W. 145.

The complaint does not state a cause of action. It does not show that the contract between Piesik and plaintiffs for the purchase of the land had been rescinded. They cannot retain the land, holding their contract of purchase in tact, and have the mortgage and notes canceled. 39 Cyc. 1396 (IV.), 1436 (IV.).

They must restore everything of value which they received under the contract. Moline Plow Co. v. Bostwick, 15 N. D. 658, 109 N. W. 923; Basye v. Paoloa Ref. Co. 79 Kan. 755, 25 L.R.A.(N.S.) 1302, 131 Am. St. Rep. 746, 101 Pac. 658, 39 Cyc. 1423, 1427, 1378 (b).

Neither can plaintiffs rescind while they are in default. Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Annis v. Burnham, 15 N. D. 577, 108 N. W. 549.

It was not necessary for Piesik to have the fee title until the time for performance of his contract with plaintiffs had arrived. 39 Cyc. 1410; Hanson v. Fox, 155 Cal. 106, 20 L.R.A.(N.S.) 338, 132 Am. St. Rep. 338, 99 Pac. 489; Golden Valley Land & Cattle Co. v. Johnstone, 25 N. D. 148, 141 N. W. 76.

To make the cancelation of the contract of any avail against the plaintiffs, service of the notice of cancelation was necessary. N. D. Comp. Laws 1913, §§ 8119–8122; Williams v. Corey, 21 N. D. 509, 131 N. W. 457, Ann. Cas. 1913 B, 731.

Plaintiffs have made no fair attempt to secure title to the land, and therefore they cannot maintain this action. 39 Cyc. 1436 (IV.), 1680, (G).

Evidence of the abandonment of a land purchase contract must be clear and unequivocal. There is no such evidence against Piesik. 39 Cyc. 1353, A 2.

*Thomas H. Pugh,* for respondents.

No one but the defendant or his proper representative can take advantage of defects in the service of process upon him. 3 Cyc. 240;

32 Cyc. 519; Halloran v. Holmes, 13 N. D. 411, 101 N. W. 310; B. F. Salzer Lumber Co. v. Lindemeier, 54 Colo. 491, 131 Pac. 442.

A distinction has been made between a necessary party and an indispensable party. Minnesota v. Northern Securities Co. 184 U. S. 199, 46 L. ed. 499, 22 Sup. Ct. Rep. 308; Kendig v. Dean, 97 U. S. 423, 24 L. ed. 1061; Barney v. Baltimore, 6 Wall. 280, 18 L. ed. 825; 9 Enc. U. S. Sup. Ct. Rep. 40.

The contract between Sidenberg and Piesik was for a whole section. No court would compel Sidenberg to recognize a partial assignment of such entire contract so long as he had not acceded to the transaction, and had not knowingly received any part of the purchase price paid by Jablonski. 36 Cyc. 759, 760.

Plaintiffs had nothing belonging to Piesik to restore. 39 Cyc. 1354; Mahon v. Leech, 11 N. D. 181, 90 N. W. 807.

It was not necessary to make a tender of the value of the use and occupation, as this could be counterclaimed. Weitzel v. Leyson, 23 S. D. 367, 121 N. W. 868.

One may contract to sell land of which he is not the owner, and such contract is valid and binding provided the purchaser knows that his vendor is not the owner. 26 Am. & Eng. Enc. Law, 2d ed. 667.

Goss, J. The complaint avers that Piesik fraudulently represented himself to be the owner of a section of land which he agreed to sell plaintiffs for a consideration of $18,580, to be paid by purchase price mortgages upon the land sold and upon an additional 400-acre tract belonging to the plaintiffs. One of said mortgages given in purchase is for $1,500, and is upon said 400-acre tract only. That Piesik did not own, or have any right or authority to sell, said section, and defendants are defrauded to the amount of said mortgages and notes given in its purchase. That the said $1,500 mortgage has not been assigned, but stands of record in the name of Piesik as owner.

The complaint further alleges that an execution has been issued out of district court in an action wherein Coutts, defendant herein, was plaintiff, and defendant Piesik was defendant; and that said notes and mortgage for $1,500 have been levied upon under execution, and the sheriff, codefendant, has possession of said notes and mortgage, and is about to sell the same to enforce collection of said judgment of

Coutts against Piesik, and will do so unless enjoined. Judgment is asked that the note and mortgage be adjudged void, and be ordered canceled of record, and that Coutts and his codefendant, the sheriff, be directed to deliver up the notes and mortgage for cancelation, and that an injunction pending suit be issued against this transfer.

Piesik was attempted to be served by publication of summons. Such service is void. The affidavit for publication is insufficient; and also it was filed after the date of the first one of the six publications made of the summons.

The affidavit for publication of summons recites "that Piesik is not a resident of this state; that prior to the commencement of this suit, the defendant left this state, and upon information and belief affiant alleges that said defendant went to Canada; that the whereabouts of the defendant in Canada is unknown to this affiant or to the plaintiffs, of whom affiant has inquired; that the postoffice address of said defendant is unknown to affiant and to the plaintiffs herein." Defendants Coutts and the sheriff challenge the sufficiency of this affidavit as a basis for publication of summons. The statute requires the affidavit to state "the place of defendant's residence if known to the affiant, and if not known, stating that fact and further stating: 1. That the defendant is not a resident of this state." [Comp. Laws 1913, § 7428.] This affidavit contains the latter, but not the former, requisite. The affidavit states that the postoffice address of defendant is unknown. This court has already held in Atwood v. Tucker (Atwood v. Roan) 26 N. D. 622, 51 L.R.A.(N.S.) 597, 145 N. W. 587, that such an affidavit is void, and does not comply with the above quoted statute. An unbroken line of holdings from the territorial times to the present is there cited that such an affidavit is a nullity, and that statutory requirements as to jurisdictional prerequisites on substituted service are strictly construed, and exact and literal compliance with the statute exacted, otherwise no jurisdiction is obtained. The statement in this affidavit concerning the whereabouts of the defendant is not a substantial compliance with the statute, in that the statute requires the affiant to disclose not the whereabouts, but the residence, of the defendant; but if it be conceded that the term "whereabouts" be the equivalent of the term "residence," this affidavit is equivocal. It reads, "affiant alleges that said defendant went to Canada, but that the

whereabouts of the defendant in Canada is unknown." The disclosure as to whereabouts is qualified and limited. Perjury could scarcely be predicated upon such a qualified affidavit, even though the affiant had information that the whereabouts of this defendant was elsewhere than in Canada. Affiant might know of the residence, or believe the residence of the defendant to be in an adjoining state and still truthfully make the qualified affidavit as to the defendant's whereabouts. The affidavit fails to comply with the jurisdictional requisites when measured by the terms of the statute. § 7428. The discussion in Atwood v. Tucker, supra, renders further comment needless. But the failure to file the affidavit until one day after the first publication of the summons leaves but five publications made, instead of six required by § 7429 to be made after the filing of the affidavit for publication. § 7428. This is so obvious as to need no citation of authority. There was no service of summons made upon defendant Piesik.

But respondent contends that even though no jurisdiction was obtained over the person of defendant Piesik, the case may proceed because he is not a necessary party to this action, and that he is the only person who can object on the grounds of want of jurisdiction. Both of these contentions are answered in the negative by the holding in Atwood v. Tucker, supra. It was there urged that a garnishee defendant could not raise a question of the jurisdiction of the principal defendant against whom a judgment apparently regular had been entered. That contention was overruled. Here a judgment creditor of a person not served with summons has a lien by execution upon the property of that person, and which lien this plaintiff would seek to devest by a judgment adjudging, as against such absent party, the notes to be void because of that person's fraud, because of a failure by him to pay any consideration therefor, but all this without the party in court, or jurisdiction over him. Piesik would not be bound by any such judgment rendered. Assume that it be determined as between plaintiffs and the defendant Coutts, that these notes held by Coutts on execution were given without any consideration and are void, and Coutts should be barred on the grounds from enforcing his property lien thereon. Nevertheless, Piesik might by action subsequently have a contrary determination and recover a judgment against plaintiffs holding the notes to be valid as given for an adequate consideration. To

hold with plaintiff would place a premium upon the procuring of necessary defendants to be absent for the benefit and profit of both the defendant and the plaintiff as well. If execution is stayed in this action, it is the equivalent of granting a forbearance or extension of time for payment to plaintiff, assuming that the notes are valid, and that must be presumed to be the fact until the contrary is adjudged. And likewise, staying execution would operate to relieve Piesik from having his property pay a valid judgment against him, and possibly permit his diversion of it or its withdrawal to his benefit and to the injury of Coutts. That Piesik is a necessary party is too clear for discussion. Without service of Piesik no valid judgment as sought for could be rendered.

From the discussion in the briefs and on oral argument, it appears that, in the determination of the merits as between plaintiff and Piesik, if that point should be reached, the validity of a contract of sale, oral or written, of one Sidenberg, will be necessarily of determination as an underlying requisite to an adjudication upon the validity of the attempted sale of the section by Piesik to plaintiff. In such case it may be that Sidenberg may also be a necessary party.

The judgment appealed from is in all things reversed and set aside, and the cause remanded for further proceedings according to law. No opinion is expressed on the sufficiency of the complaint, nor upon whether relief can be granted under the issues as framed. This holding is not to be deemed *res judicata* upon other than the questions of jurisdiction determined.