[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 20 
This is an action in equity to set aside as null and void a sheriff's deed to certain lands in Mountrail county, issued on sheriff's certificate of sale under an attachment for the possession of said lands, for quieting title in the plaintiff, and to enjoin the defendants from enforcing judgment, and for such other and further relief as might be just and equitable.
The complaint alleges that the plaintiff, a resident of Lodi, California, since 1924, is the owner of the S.E. 1/4 sec. 9, twp. 151, r. 90, in Mountrail county; that returning to Mountrail county in June, 1927, one Willhelm Vorwerk claimed to be the owner of said land under a sheriff's deed issued on an execution certificate of sale; that C.G. Loiland and Raymond Bray had brought an action against the plaintiff in the district court of Mountrail county in which C.G. Loiland was plaintiff for the recovery of the sum of $25 with interest from September 1, 1923, at the rate of 6 per cent and for costs; that the said C.G. Loiland and Raymond Bray had caused to be filed in the office of the *Page 22 
clerk of said district court on the 16th day of January 1926, a summons, complaint, affidavit and undertaking for an attachment, and that said defendants, C.G. Loiland and Raymond Bray, did on the 16th day of January 1926, have issued a warrant of attachment and a levy was made upon said land thereunder; that the matters stated as a cause of action in the complaint are false and known to be false by the defendants, Loiland and Bray, at the time of filing said complaint and were made in the furtherance of a conspiracy between Loiland and Bray to defraud the plaintiff of said property; that the plaintiff was not indebted at said time to the said Bray, or the said Loiland, in any sum whatever; that the warrant of attachment was void as it did not comply with § 7542, Comp. Laws 1913; that complaint stated a demand for the sum of $25 with interest thereon from and after September 21, 1923, at the rate of 6 per cent, and the warrant of attachment states the plaintiffs demand to be for the sum of $25 with interest thereon; that the sheriff did not file proper notice of levy in the office of the register of deeds of Mountrail county, the amount stated in the warrant for the sum of $25 with interest thereon, and the amount stated in the notice of attachment filed is the sum of $25; that the notice was not served upon the person in the actual possession of the land, as required by § 7549, Comp. Laws 1913; that on the 22d day of January, 1926, copies of the summons, complaint, affidavit for attachment and warrant of attachment was delivered to the plaintiff at Lodi in the state of California, and no proper affidavit for publication of summons was ever made as required by § 7428, Comp. Laws 1913; that the affidavit filed in the office of the clerk of said district court on the 22d of January 1926, was wholly insufficient, that it does not state, nor does complaint show any of the matters required by subdivision one, two or three of the first part of said § 7428, Comp. Laws 1913, nor of subdivisions one, two, three or five of the second part of said section; that the affidavit is as follows, to wit:
"O.B. Herigstad, being first duly sworn, on oath deposes and says that he is one of the attorneys for the plaintiff in the above entitled action and makes this affidavit on his behalf; that in the above entitled action the sheriff of Mountrail county, North Dakota, on the 16th day of January, 1926, attached certain real property of the defendant, lying *Page 23 
and being in the said county and state; that personal service of the summons in this action cannot be had upon the defendant within the state of North Dakota; that the defendant's residence and postoffice address is Lodi, California; that this affidavit is made for the purpose of securing service upon the defendant by publication."
The affidavit was filed in the office of the clerk of court on the 22d day of January, 1926, and therefore, it appears from said judgment roll, that the affidavit of publication was not filed in the office before the said attempted service upon plaintiff at Lodi, California; that no proof of default of the defendant was made or filed; that the affidavit of default states that no answer, demurrer, or other appearance whatsoever had been made or served upon the plaintiff, and does not state that no answer or demurrer had been served upon said plaintiff's attorneys; that the plaintiff who was the defendant in said action was not a resident of the state, and the judgment roll in said action does not show proof of plaintiff's claim made as a basis for the judgment as required by subdivision 3 of § 7600, Comp. Laws 1913, and said judgment roll does not show affirmatively that the court required the plaintiff or his agent to be examined on oath respecting any payments that had been made to the plaintiff; that at the time of the sale of said property it was of the value of $4,000, and was encumbered to the extent of about $1,500, and plaintiff's equity in said property was of the value of $2,500; that said property sold for $86.50 a sum totally inadequate for the conveyance. To this complaint there was a demurrer which was overruled and from the order overruling the demurrer the defendant, Willhelm Vorwerk, appeals.
There is no variance between the complaint, the warrant and the notice of levy in the former action. Each states the amount of the plaintiff's claim in that action to be $25. The complaint further alleges, "and interest at 6 per cent" from a certain date, the warrant states, and interest thereon, and the notice of levy does not mention interest.
Under § 6072 Supplement to Comp. Laws 1913, "interest for any legal indebtedness is 6 per cent, when no rate is specified." The plaintiff claims only the 6 per cent, the legal interest, in his complaint and this he would be entitled to as a matter of law.
The affidavit for publication of summons does not allege that the defendant *Page 24 
has property within this state or debts owing to him from residents thereof, but it does allege, that the sheriff of Mountrail county, North Dakota, on the 16th day of January, 1926, attached certain real property of the defendant, lying and being in the said county and state. There is a direct statement that the property that was levied upon by the sheriff at that time, viz., the 16th day of January, 1926, was certain real property of the defendant lying and being in the said county and state.
In the case of Hemmi v. Grover, 18 N.D. 578, 120 N.W. 561, the court said: "The complaint alleges, in substance, that on May 2, 1907, the defendant, through her duly authorized agent, entered into a contract to sell and transfer, by deed of conveyance certain real property therein described and located in Stutsman county, North Dakota, and we think it may fairly be presumed from such fact, when not denied, that defendant was the owner of such real property."
The allegation in the affidavit in the case at bar alleges, that certain real property of the defendant in the county and state had been attached in that action, and such statement is sufficient. It is further claimed that the affidavit is insufficient because it does not allege that the defendant is not a resident of the state, as required by subdivision one of § 7428, Comp. Laws 1913. The affidavit does allege that the defendant is a resident of Lodi, California, and where the residence of the defendant is known and stated in the affidavit, the statute does not require the statement in the affidavit that the defendant is not a resident of the state of North Dakota.
The statute provides that, "service of summons . . . may be made on defendant by publication upon filing a verified complaint with the clerk of the district court . . . and also filing an affidavit stating the place of defendant's residence, if known to affiant, and if not known stating that fact, and further stating [that is if the residence is not known, the affidavit must so state, and if it is not known it must further state] that the defendant is not a resident of the state." This subdivision applies only when the residence of the defendant is unknown. When it is known, it is sufficient to state the place of residence, as was done in the case at bar. The affidavit was sufficient as a basis for service by publication. *Page 25 
It is the contention of the appellant that while the judgment roll shows that the papers were served upon the defendant the same day that they were filed in the office of the clerk of court in Mountrail county, that there is a presumption of law that the papers were filed before the service was made. On the other hand, the respondent contends, that in an attachment proceeding a judgment roll must affirmatively show that the court had jurisdiction to enter judgment, and that since it shows that the service and the filing were on the same day it does not appear affirmatively that the pleadings and affidavit were filed before the service.
The judgment roll in the judgment attacked does not show affirmatively, that the affidavit for publication of summons was filed in the office of the clerk of the district court of Mountrail county, before the service of the pleadings on the defendant in Lodi, California.
On the other hand, it does not show, that it was not served on the defendant before such filing, it simply shows, that the filing and the service was made on the same day, without showing which was prior. It may have been legally served or it may not have been legally served. If the service was made at Lodi, California, before the affidavit for publication was filed in the office in the clerk of court in Mountrail county, the service would be invalid and the court would have no jurisdiction, but the service of the summons before the filing of the affidavit of service by publication is a question of fact to be alleged by the plaintiff and proved at the trial, and since it is not alleged, the allegation is vulnerable to demurrer.
The alleged defect in the affidavit of no answer, and the lack of evidence in the judgment roll showing proof of plaintiff's claim may be considered together. It is true that the statute, § 7422, Comp. Laws 1913, providing a form for the summons, does say that the defendant is to serve a copy of his answer upon his subscriber, who is usually the plaintiff's attorney, but may be signed by the plaintiff.
Section 7421, Comp. Laws 1913, provides that the summons shall be subscribed by the plaintiff or his attorney. In that action it might have been signed by the plaintiff, and as it is not in the record in this case, we cannot say that it is invalid.
Section 7600, Comp. Laws 1913, provides: "Judgment may be had *Page 26 
if the defendant fails to answer the complaint." The specific objection is that no proof of default was made or filed, that the affidavit of default states that no answer, demurrer or other appearance whatsoever, had been made or served upon the plaintiff and does not state that no answer or demurrer had been served upon the plaintiff or plaintiff's attorneys. The law does not require, or state what the proof shall be, but that if the defendant fails to answer the complaint, the plaintiff may file with the clerk, proof of service of the summons and complaint and that no answer or demurrer had been received and subdivision three provides that, "when the service of summons was by publication, the plaintiff may in like manner apply for a judgment." That is, he may show that the summons was served by publication, or that the affidavit was filed and the summons served personally on the defendant without the state, and the court must thereupon require proof to be made of the demand mentioned in the complaint; and if defendant is not a resident must require the plaintiff or his agent to be examined on oath respecting any payment that had been made to the plaintiff, or to anyone for his use or account.
It is the contention of the plaintiff that it must appear affirmatively in the record that the court required the plaintiff or his agent to testify as to the demands of the plaintiff. It will be observed that the statute does not require this to be shown in the record, nor does it say what the proof of default shall consist of, and while it is necessary for the plaintiff to offer proof showing the default, and proof supporting his demand, if the record is silent on the matter of proof, it will be presumed that the court heard and considered the necessary evidence to enable it to give judgment.
In the case of Cole v. Custer County Agri. M. Stock Asso.3 S.D. 272, 52 N.W. 1086, the court said: "When no answer is filed nor issue of fact tried, the court is not required to find facts or state its conclusions of law before rendering judgment. This court will presume, in the absence of proof in the record to the contrary, that the court heard and considered the necessary evidence to enable it to give judgment."
We are of the opinion, that the facts alleged in the complaint in this case are not sufficient to sustain a cause of action and the order is reversed *Page 27 
without prejudice to the plaintiff's right to amend his complaint if it can be amended. It is so ordered.
BIRDZELL, NUESSLE, BURR, and CHRISTIANSON, JJ., concur.
 On Petition for Rehearing.