**Ray HOOPS, Plaintiff and Appellant,**

v.

**Norman SELID, d/b/a Home Heating and Air Conditioning, Defendant and Appellee.**

**Civ. No. 10977.**

Supreme Court of North Dakota.

Dec. 18, 1985.

Craig M. Richie, of Richie & Associates, Fargo, for plaintiff and appellant.

Robert A. Ramlo, of Ramlo Law Office, Fargo, for defendant and appellee.

VANDE WALLE, Justice.

Ray Hoops appealed from a judgment of the Cass County Court granting Norman Selid's motion for summary judgment against Hoops. He raises as -issues on appeal the dismissal of the complaint; the granting of Selid's motion for summary judgment for Selid in regard to Selid's counterclaim; the court's refusal to issue a declaratory judgment (that he does not owe Selid $774); the court's refusal to order specific performance (to have his original compressor for his air conditioner replaced into his air conditioner); and the court's refusal to issue an order vacating Selid's notice of intention to claim a mechanic's lien. We affirm in part, reverse in part, and remand.

This case involves the repair of a home air-conditioner unit. The complaint alleges that Hoops called Selid's company, Home Heating and Air Conditioning, and requested Selid to examine and repair his home air-conditioning unit. The complaint further alleges that after examination of the unit, Selid's employee informed Hoops that a new compressor was needed, and a new compressor was installed, but "this did not repair the unit and it remained as hot as before in the home." According to the complaint, Hoops wrote to Selid requesting that he "fix the unit as it still did not work and had not been repaired." Hoops received a bill for $645, which he did not pay. Selid, at Hoops's request, sent workers to repair the unit. Hoops then received an additional bill for $141.74. Hoops alleges that the unit still did not work properly and, despite his repeated demands, "nothing was done." Hoops continued to refuse to pay the bill, and Selid subsequently filed a notice of intention to claim a mechanic's lien on Hoops's home. Hoops then brought this suit requesting, among other things, a determination that he does not owe Selid the money and an order vacating the notice of intention to claim a mechanic's lien.

Selid denied the allegations, except as to performing work on Hoops's air conditioner, and counterclaimed in the amount of $806.74, the alleged total of the two invoices. Hoops responded to the counterclaim denying he owed that amount. Selid subsequently moved for summary judgment against Hoops, submitting affidavits in support of the motion. Hoops opposed the motion, but failed to submit counter-affidavits. Selid also moved for summary judgment in his favor on the counterclaim, but failed to submit sufficient evidence by way of affidavit or by means otherwise provided by Rule 56, N.D.R.Civ.P., in support of the counterclaim.[1]

The lower court stated in its ruling:

"The Court *finds* that at the request of the Plaintiff, the Defendant made certain repairs and adjustments to Plaintiff's air conditioner, including replacement of the compressor, *value* of these goods and services *totalling $806.74.*

"*There is no genuine issue as to any material fact* and the Defendant is entitled to a judgment as a matter of law." [Emphasis added.]

It is possible that the lower court meant to say that due to Hoops's failure to submit counter-affidavits, summary judgment is proper pursuant to Rule 56(e). We must, however, take the court's words as their plain meaning dictates. The words quoted above constitute a factual finding as to the repair of the air conditioner and the value of the goods supplied and services rendered. And yet in the very next sentence,

---

1. The bevy of procedural and substantive problems created over a relatively simple legal matter may have been part of the difficulty faced by the trial court.

the lower court states that there is no genuine issue as to any material fact.

■ In light of Hoops's denial of the counterclaim and Selid's failure to support it, these two assertions are clearly contradictory and, standing together, are antithetical to proper summary-judgment analysis. By definition the granting of summary judgment is improper where it is necessary for the court to make a finding of fact. We also note that the finding of fact as to the value of goods and services is not supported by sufficient evidence and rests merely on the assertion made in the counterclaim. Even in situations where a court has entered default, it is necessary for the nondefaulting party to submit an affidavit in support of a sum certain or, in all other cases, such proof as may be necessary to enable the court to determine and grant the relief, if any, to which the nondefaulting party may be entitled. Rule 55(a), N.D.R. Civ.P. An entry of summary judgment for a particular amount without sufficient evidence supporting that amount is erroneous.

■ We hold that, in light of the present procedural posture of this case, it was error for the lower court to grant summary judgment against Hoops and to dismiss the complaint with prejudice. It was also error to determine the amount of recovery without sufficient evidence as to the appropriate value of the goods and services.

The lower court, in its decision to deny the issuance of a declaratory judgment, states:

"The Plaintiff has not shown any controversy exists concerning the rights or legal status of the parties under their contract. The Plaintiff has an adequate remedy at law, which is to sue for breach of contract."

2. Although Section 32–23–02, N.D.C.C., initially empowers courts to determine any question of construction or validity arising under a *written* contract and other *writings* constituting a contract, the statute also allows courts to determine questions of construction or validity for any person "whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, ..." We have

Hoops has sued claiming that the air-conditioning unit was improperly repaired. Selid denies the allegation and counterclaims for the amount of money allegedly owed. A dispute such as this, that involves factual questions and requires application of legal principles, constitutes a controversy concerning the rights and legal status of the parties. Moreover, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Rule 57, N.D.R. Civ.P. Indeed, Section 32–23–02, N.D.C.C., specifically allows a court to determine any question of construction of validity arising under a contract,[2] and Section 32–23–03 allows a court to construe a contract before or after a breach (contrary to Selid's assertion to the lower court in support of the denial of the declaratory judgment). Nonetheless, we believe that the lower court's decision to not enter declaratory judgment was not an abuse of discretion because of Section 32–23–06, which provides that the court may refuse to enter declaratory judgment where such judgment would not terminate the uncertainty or controversy giving rise to the proceeding. In this case, the issuance of a declaratory judgment would not have terminated the controversy because, as discussed immediately below, a county court does not have the authority to vacate a notice of intention to claim a mechanic's lien.

The lower court held that as a county court it "is without jurisdiction to make interlocutory rulings or final disposition regarding mechanic's liens," that "mechanic's liens are clearly within the jurisdiction of the district court," and that "this Court cannot, as a matter of law, issue an Order vacating the Defendant's notice of intention to claim a mechanic's lien and vacating perfection of a mechanic's lien by the De-

construed our declaratory-judgment Act liberally and have not confined it to the construction of formal writings. *Iverson v. Tweeden,* 78 N.D. 132, 48 N.W.2d 367 (1951). Thus the fact that this case involves an oral contract would not be sufficient of itself to preclude use of our declaratory-judgment Act nor do we understand that to be the basis for the trial court's refusal to grant a declaratory judgment.

fendant." In support of this view, the trial court relied on the belief that various documents relating to mechanic's liens are filed at the district court clerk's office and on the language of Section 27–05–06, N.D. C.C., which details the jurisdiction of the district court. These two reasons do not prohibit jurisdiction by the county court. According to Section 35–27–05, N.D.C.C., amended in 1981, notice of intention to claim a mechanic's lien is now filed with the register of deeds of the county within which the land is situated, and not with the clerk of district court. Nor do we believe that the district court jurisdictional provision acts as a limit to the jurisdiction of the county court, although county-court jurisdiction is limited by the terms of the county-court jurisdictional statute as well as statutes that provide exclusive jurisdiction in the district court.

 In the case of mechanic's liens, North Dakota law provides that "[a]ny person having a lien by virtue of [Chapter 35–27, N.D.C.C.] may bring an action to enforce the lien in *the district court* of the county in which the property is situated." [Emphasis added.] Sec. 35–27–24, N.D. C.C. Although this action is brought to invalidate the lien, as opposed to enforcement of the lien, we believe that an action to invalidate a mechanic's lien must also be brought in district court. A suit to invalidate a mechanic's lien is merely the converse of a suit to enforce such a lien. The underlying facts and relevant law that the court must evaluate and apply are identical. And one might presume that for every action to invalidate a mechanic's lien, the opposing party will counterclaim in an attempt to demand enforcement of the lien. We therefore hold that a suit to invalidate a mechanic's lien must be brought in the district court, and that the lower court must dismiss the complaint without prejudice.

We reverse the judgment entered against Hoops (and the concomitant dismissal of

**3.** The two remaining issues concerning specific performance and discovery sanctions do not

the complaint) and in favor of Selid for the amount of $806.74. We affirm the lower court's denial of Hoops's request for declaratory judgment and affirm the lower court's decision that it has no jurisdiction to resolve matters concerning the mechanic's lien. The case is remanded for further proceedings consistent with this opinion.[3]

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.