David A. OVERBOE, Plaintiff and Appellee,

v.

Marvin ODEGAARD, Defendant and Appellant.

Civ. No. 920182.

Supreme Court of North Dakota.

Feb. 26, 1993.

David A. Overboe (argued), pro se, West Fargo, for plaintiff and appellee.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellant; argued by Charles A. Stock.

MESCHKE, Justice.

Marvin Odegaard appeals denial of his motion to vacate a default judgment against him obtained by David A. Overboe. We see no abuse of discretion by the trial court, and we affirm.

Beginning in 1973, attorney Overboe and an associate performed various legal services for Odegaard. Odegaard lived in North Dakota until May 1980, when he moved to the state of Missouri. Overboe mailed Odegaard billing statements through mid–1982, and Odegaard made some payments on account until November 1982. Odegaard was discharged in bankruptcy in Missouri in 1987, but he did not list Overboe as a creditor because, Odegaard said, "I was not aware that I owed him any money...."

On September 9, 1990, Overboe served Odegaard in Missouri with a summons and complaint for $9,453.08 "for legal services performed for [Odegaard] while he was residing in North Dakota and service charges." In his complaint, Overboe alleged that "[d]emand has been made for payment, and [Odegaard] refuses or has neglected to pay the amount owed." Odegaard failed to answer the complaint.

On October 26, 1990, Overboe moved the trial court for default judgment in his favor, submitting an affidavit of default and an affidavit of proof that said:

[Overboe] states that [Odegaard] is indebted to [Overboe] in the amount of $9,453.08, upon the following reasons: [Overboe] rendered legal services together with service charges in the amount of $9,453.08, although demand for payment of the same has been made by [Overboe].

The trial court entered default judgment against Odegaard on November 5, 1990 for $9,453.08 plus costs. On November 27, 1990, by mail, Overboe served notice of entry of the judgment on Odegaard.

Later, Overboe learned that Odegaard would inherit property from his mother's estate in North Dakota. In January 1992, Overboe garnished the personal representative of Odegaard's mother's estate to attempt to collect the judgment.

On February 19, 1992, Odegaard moved under NDRCivP 60(b)(vi) to set aside Overboe's default judgment. Odegaard's affidavit said, "I did not respond to the Summons and Complaint nor did I tell any attorney about the same because I did not feel I owed any money to ... Overboe and further because I had gone through bankruptcy...." Odegaard claimed that the default judgment was improper under

NDRCivP 55 because the trial court failed to require that there be "produced and presented to the Court a written instrument upon which the claim was founded," and failed "to hear evidence and assess damages. . . ." Odegaard claimed that his discharge in bankruptcy and a statute of limitation were meritorious defenses.

After an evidentiary hearing, the trial court found that Odegaard "had in fact employed [Overboe] to perform legal services and that he knew he owed [Overboe] at least $3,000," and that Odegaard was "no stranger to litigation as he had been sued at least twelve times." The trial court determined that Odegaard "made a free and calculated choice to ignore process until it appeared he might actually be in jeopardy of [losing] his property;" that while the default judgment "may have been voidable" because Overboe's affidavit seeking damages did not describe a "sum certain," the judgment "clearly is not a void judgment;" and that, "[t]herefore, relief would not be available under 60(b)(iv)." The trial court concluded that "[Odegaard] is clearly limited to a period of one year under NDRCivP 60(b)(i) and since he brings his Motion outside the time frame provided and has no extraordinary facts to justify relief from the Judgment, [Odegaard]'s Motion is hereby denied."

Odegaard appeals, arguing that the trial court "erred, as a matter of law, in granting default judgment on the question of liability without requiring the production of any supporting evidence" under NDRCivP 55(a). Furthermore, Odegaard contends, the trial court abused its discretion by refusing to vacate the default judgment under NDRCivP 60(b)(vi). Overboe responds that the public interest in finality of judgments supports the trial court's denial of Odegaard's motion.

■ Odegaard argues that, under NDRCivP 55(a) on entry of a default judgment, "the judgment was not for a sum certain and even if it was, the written instrument upon which the claim was based was not produced." Odegaard misreads the rule. The relevant parts of NDRCivP 55(a) say:

*Entry.* If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the fact is made to appear by affidavit or otherwise, the court may direct the clerk to enter an appropriate judgment by default in favor of the plaintiff and against the defendant as follows:

(1) When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court, upon affidavit of the amount due and upon production of the written instrument, if any, upon which the claim is founded, may direct the entry of judgment.

(2) In all other cases, the court, before directing the entry of judgment, shall require such proof as may be necessary to enable it to determine and grant the relief, if any, to which the plaintiff may be entitled. To this end, the court may:

   1. Hear the evidence and assess the damages;

   2. Direct a reference for the purpose of an accounting or for the taking of testimony or for a determination of the facts; or

   3. Submit any issue of fact to a jury.

   \*    \*    \*    \*    \*    \*

NDRCivP 55(a)(1) authorizes the court to direct entry of a default judgment "upon affidavit of the amount due and upon production of the written instrument, if any," when the claim is "for a sum certain or for a sum which can by computation be made certain." This part of the rule only requires production of a written instrument "*if any*" exists. (Our emphasis). Overboe's claim was for amounts due for contracted services, not for amounts due on a written instrument, so production of an instrument was not required. The knottier question is the certainty of the sum for entry of default judgment on a simple "affidavit of the amount due."

NDRCivP 55 "is derived from Rule 55, FRCivP, with several changes," according to the Explanatory Note. Several changes are described in the Explanatory Note:

The federal rule contains a two-step process: entry of default and then entry of

judgment. The first step is not specifically required in this rule. Subdivision (a) is a combination of the first two subdivisions of the federal rule, but specifies that the clerk cannot enter judgment by default without being directed to do so by the court, unlike the federal rule where the clerk can enter judgment in certain cases ["when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain"] without court direction.

In all cases, the North Dakota rule requires the trial court to direct entry of judgment, a judicial act rather than the ministerial act of a clerk.

Although the "sum certain" criterion in the North Dakota rule is similar to that for the federal clerk's ministerial duty, there is no production of a written instrument expected by the federal rule. "In all other cases," NDRCivP 55(a)(2) directs the trial court to "require such proof as may be necessary to enable it to determine and grant the relief, if any, to which the plaintiff may be entitled." This succinct direction contrasts with the sprawling one in FRCivP 55(b)(2): "If ... it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper...." Yet, essentially, both standards require "such proof as may be necessary," a matter of judicial discretion. Functionally, in North Dakota, there is little difference between an "affidavit of the amount due" and "such proof as may be necessary" under the separate subdivisions of NDRCivP 55(a)(1) and (2).

■ There is another procedural difference between NDRCivP 55(a) and the comparable federal rule. The Explanatory Note to NDRCivP 55 describes it:

The federal provision [subdivision (c)] for setting aside default was not adopted. See Rule 60(b) regarding relief from a judgment or order.

The separate vacation procedure in FRCivP 55(c), "[f]or good cause shown the court may set aside an entry of default," is not available in NDRCivP 55, and the exclusive remedial procedure to set aside a default judgment in North Dakota is "in accordance with Rule 60(b)." Therefore, absent a timely appeal or motion within the time to appeal, a defaulting judgment debtor is not entitled to direct review of a trial court's Rule 55 compliance, and the debtor must demonstrate an abuse of discretion under NDRCivP 60(b).

■ These significant differences make federal precedents about the "sum certain" subdivision of FRCivP 55(a) questionable for guiding relief from a default judgment in North Dakota. Therefore, textbook citations and discussions of "good cause" under FRCivP 55 are not useful.[1]

■ Rather, we look to judicial interpretations of the "sum certain" language in our own state for guidance. For one example, consider NDCC 32-03-04 ("Every person who is entitled to recover damages

---

1. 6 Moore's Federal Practice ¶ 55.04 (Matthew Bender 1992) (footnotes omitted):

The "sum certain" requirement of Rule 55(b)(1) provides a familiar and rather precise criterion; thus, there have not been a great many cases involving the question of whether the clerk properly entered a judgment for a particular amount. In an action for return of a deposit, for a co-payee's share of check, and in kindred situations the courts have held the claim to be for a sum certain. On the other[ ]hand, a claim for personal injury, an unliquidated claim for attorney's fees, good will, consequential damages resulting from antitrust violations and statutory damages for copyright infringement are clearly not for a sum certain. If a third-party defendant is in default, a settlement or decision of the main claim between the plaintiff and the defendant does not make the claim against the third-party defendant one for a "sum certain," and therefore the clerk may not enter a default judgment on the third-party claim under Rule 55(b)(1).

A related issue is whether the affidavit submitted in support of a motion for entry of a default judgment provides a sufficient basis to conclude the damages are for a "sum certain," or "for a sum which can by computation be made certain." An estimate of a year's sales based on a review of defendant's sales records for one month, or an appraiser's valuation of lost cargo is not sufficiently certain to allow for entry of a default judgment by the clerk.

certain or capable of being made certain by calculation, ... also is entitled to recover interest thereon...."), and cases like *Robertson Companies, Inc. v. Kenner*, 311 N.W.2d 194, 200 (N.D.1981), interpreting that language: "Kenner sustained lost profits on more than 500,000 pounds of sunflowers at two to three cents ($.02 to $.03) per pound. Accordingly, the damages were capable of being made certain to satisfy the requirements of § 32–03–04, NDCC." *Compare Coldwell Banker v. Meide & Son, Inc.*, 422 N.W.2d 375, 380 (N.D.1988), distinguishing between the statutory terms "amount" and "sum certain." We conclude that an affidavit stating the total amount due for legal services and finance charges is an "affidavit of the amount due" for a sum certain, and it is sufficient proof for entry of a default judgment, even though it does not describe the services or the calculations.

■ Traditionally, a trial court in North Dakota has had broad discretion in the quality of proof necessary for entering a default judgment. *See* ND Rev.Code § 28–0904 (1943) ("... the court, before rendering judgment upon default, shall require such proof as may be necessary to enable it to determine the relief, if any, to which the plaintiff may be entitled."). This was the precursor of the standard in NDRCivP 55(a)(2). *See also Kelm v. Loiland*, 59 N.D. 18, 228 N.W. 420, 422 (1929) ("... while it is necessary for the plaintiff to offer proof showing the default, and proof supporting his demand, if the record is silent on the matter of proof, it will be presumed that the court heard and considered the necessary evidence to enable it to give judgment."); *Naderhoff v. Geo. Benz & Sons*, 25 N.D. 165, 141 N.W. 501, 510 (1913) ("[S]uch proof may be made by testimony, by deposition or by affidavit showing the facts, inasmuch as where the defendant is in default the court may in its discretion consider an affidavit as proof."). Ordinarily, it would be preferable for a trial court to require the affidavit of proof for a default judgment to be made by someone competent to testify on personal knowledge about facts or records that would be admissible in evidence. But, as in all evidentiary matters, the trial court has broad discretion in the quality of evidence that it may require before ordering entry of a default judgment.

In support of his argument that Overboe's affidavit was insufficient evidence of indebtedness, Odegaard relies upon our decisions in *Thompson v. Goetz*, 455 N.W.2d 580 (N.D.1990) and *Hoops v. Selid*, 379 N.W.2d 270 (N.D.1985). However, Odegaard's reliance is misplaced. In *Thompson*, the plaintiffs submitted an affidavit of proof in support of their contract claim. Our holding referred to the absence of an affidavit about their claims in tort. *Id.* at 585. Overboe's claim for services was contractual, and his affidavit of proof evidenced his claim.

■ In *Hoops*, the trial court granted summary judgment to Selid for the amount alleged in his counterclaim. We reversed the judgment, saying that

the finding of fact as to the value of goods and services is not supported by sufficient evidence and rests merely on the assertion made in the counterclaim. Even in situations where a court has entered default, it is necessary for the nondefaulting party to submit an affidavit in support of a sum certain or, in all other cases, such proof as may be necessary to enable the court to determine and grant the relief, if any, to which the nondefaulting party may be entitled. Rule 55(a), N.D.R.Civ.P. An entry of summary judgment for a particular amount without sufficient evidence supporting that amount is erroneous.

379 N.W.2d at 272. Here, Overboe did not rely on the bare allegation in his pleading, but rather submitted a sworn affidavit about the amount that he claimed due for his services to Odegaard. Whether or not this sparse affidavit was sufficient proof of the amount of his claim for direct review of either a default or a summary judgment, we conclude that the trial court did not abuse its discretion in regarding it as sufficient here.

We reviewed an entry of default judgment in *Commercial Bank of Mott v.*

*Stewart,* 429 N.W.2d 402 (N.D.1988). There, the assignee of a retail installment contract sued the debtor, seeking repossession of the collateral. The trial court entered default judgment for the assignee bank, and the debtor appealed. Upholding the judgment, we said:

> Default judgment under Rule 55 of the North Dakota Rules of Civil Procedure is appropriate when it is shown by affidavit that the defendant has failed to plead or otherwise appear and that the plaintiff's claim against the defendant is for a sum certain.

> We note that the Bank in its application for default judgment did provide sufficient proof of default including an affidavit setting forth the amount due. Therefore, upon review of the record available in this case, we conclude that entry of default judgment by the trial court was not improper.

429 N.W.2d at 403–04 (footnote omitted). Here, too, the affidavit of proof submitted by Overboe stated an amount due. While abbreviated and conclusory, we believe that it sufficiently evidenced the indebtedness for entry of a default judgment. We conclude that entry of this default judgment against Odegaard was not such an abuse of discretion as to furnish extraordinary grounds for relief from the judgment under NDRCivP 60(b)(vi).

Odegaard sought relief under subsection (vi) of the rule, requiring "any other reason justifying relief from the operation of the judgment." For a movant to prevail upon a motion to vacate a default judgment under NDRCivP 60(b)(vi), the grounds for the motion need not be other than those enumerated in subsections (i) through (v) of the rule. *First Nat'l Bank of Crosby v. Bjorgen,* 389 N.W.2d 789, 796 (N.D.1986). However, " 'something more' or 'extraordinary' which justifies relief must be present." *Id.*

■ Odegaard argues that improper conduct by Overboe in failing to produce any supporting documentation about the legal services that he rendered constitutes that extraordinary circumstance in this case. We disagree. While it may have been bet-ter for the trial court to require production of sworn documentation of the time and reasonable value of the legal services when the default judgment was entered, we do not believe that the trial court abused its discretion in accepting the simple affidavit submitted. Nor can Overboe's inability to produce complete documentation at the evidentiary hearing on vacating the default judgment be considered an extraordinary circumstance. Overboe testified that many of his old files had been thrown out when he moved to a new office after the services were rendered, and he did submit a six-page affidavit with 13 pages attached that itemized much of the legal service claimed. The trial court accepted these explanations.

■ Odegaard's motion was untimely. Although he concedes the motion was too late for relief under NDRCivP 60(b)(i), Odegaard insists that relief was timely sought because relief under NDRCivP 60(b)(vi) is not limited by time when extraordinary circumstances exist. The trial court found that Odegaard "simply ignored the Summons and Complaint because he thought it would be covered by his bankruptcy or that he did not owe the money." In *First American Bank & Trust v. McLaughlin Investments,* 407 N.W.2d 505, 507 (N.D. 1987), we said: "Ordinarily, disregard of legal process is not excusable neglect, although occasionally extenuating circumstances may create an excuse." (Citation omitted). The trial court ruled that Odegaard's motion was beyond the one-year period required by Rule 60(b)(i) and that he had demonstrated no extraordinary facts to justify relief from the judgment. We agree. As the trial court determined, "Defendant Odegaard made a free and calculated choice to ignore process until it appeared he might actually be in jeopardy of [losing] his property."

■ A trial court's decision on a motion for relief from a judgment will not be disturbed on appeal unless there is an abuse of discretion. *Hatch v. Hatch,* 484 N.W.2d 283, 286 (N.D.1992); *Bjorgen v. Kinsey,* 466 N.W.2d 553, 561 (N.D.1991). A trial court abuses its discretion if it acts in an arbitrary, unconscionable, or unrea-

sonable manner. *Bjorgen* at 561. Odegaard has not convinced us that the trial court acted unreasonably in refusing to vacate the judgment.

We affirm.

VANDE WALLE, C.J., VERNON R. PEDERSON and RALPH J. ERICKSTAD, Surrogate Judges, and DONALD L. JORGENSEN, District Judge, concur.

Surrogate Judge RALPH J. ERICKSTAD was Chief Justice at the time this case was heard and served as surrogate judge for this case pursuant to NDCC 27–17–03.

DONALD L. JORGENSEN, District Judge, sitting in place of LEVINE, J., disqualified; VERNON R. PEDERSON, Surrogate Judge, sitting in place of JOHNSON, disqualified, who was a member of the Court when this case was heard.

Justice NEUMANN and Justice SANDSTROM, not being members of the Court when this case was heard, did not participate in this decision.