Filed 6/8/00 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2000 ND 120

Mark Lynn Olson, Plaintiff and Appellant

v.

Lisa Ann Olson, n/k/a 

Lisa Ann Michels, Defendant and Appellee

No. 990343

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Joel D. Medd, Judge.

AFFIRMED.

Opinion of the Court by Neumann, Justice.

Patti Jo Jensen, Galstad, Jensen & McCann, P.A., P.O. Box 386, East Grand Forks, MN 56721, for plaintiff and appellant.

Wayne K. Stenehjem, Kuchera, Stenehjem, Walberg & Sharp, P.O. Box 6352, Grand Forks, N.D. 58206-6352, for defendant and appellee.

Olson v. Olson

No. 990343

Neumann, Justice.

[¶1] Mark Lynn Olson has appealed an order granting the motion of Lisa Ann Olson, now know as Lisa Ann Michels, to change the residence of the parties’ child to Texas.  We affirm.

[¶2] Mark and Lisa married in 1995.  A daughter, Faith Ashley Olson, was born  on August 2, 1997.  Mark sued for divorce in 1998.  Among other things, Mark and Lisa stipulated:

(e) Plaintiff acknowledges that Defendant may have to leave Grand Forks to further her career chances.  Defendant acknowledges that Plaintiff’s business and extended support system of relatives will make it likely that he will remain in the area.  Both parties recognize they will need to be flexible to accomplish these changes and to be good parents for Faith.

The trial court awarded Mark a divorce; awarded Mark and Lisa joint legal custody of Faith, with physical custody to Lisa and liberal visitation to Mark; fixed Mark’s child support obligation; and distributed the parties’ property and debts.  Judgment was entered on August 5, 1999.

[¶3] Lisa moved for an order permitting her and Faith to move to Texas.  The trial court found advantages in the proposed move:

There are advantages the move will make in improving the custodial parent’s and child’s quality of life.  Lisa would have about a 30 per cent increase in pay.  Her benefits will remain about the same.  She will be able to live with her sister in Houston while she builds up enough funds to get housing on her own.

Houston is a large metropolitan area where Lisa may better make use of her college degree.  Her current job at UND is well below her educational level.  The move to Houston should lead to a better job in her field.  This should lead to an increase in quality of life for her and Faith.  Her current job is below her educational level.

The court found “[t]here is no evidence that Lisa is contemplating the move to defeat visitation,” and Mark “does not have any ulterior motives.”  The court found “there will likely be some negative impact on the relationship between Mark and his daughter, however, balancing this with the advantages of the move for Lisa and the child, the negative impact should not be that great and can be mitigated by meaningful visitation.”  The court further found: “The Court finds overall that it will be in the best interest of the child.”  The trial court issued an order granting Lisa’s motion on October 20, 1999, and Mark appealed.

[¶4] Section 14-09-07, N.D.C.C., provides a custodial parent “may not change the residence of the child to another state except upon order of the court or with the consent of the noncustodial parent, if the noncustodial parent has been given visitation rights by the decree.”  “A move must not be denied simply because visitation cannot continue in the existing pattern.”  
Tibor v. Tibor
, 1999 ND 150, ¶ 24, 598 N.W.2d 480.  “A visitation schedule which provides less frequent, but extended, visitation periods will preserve a noncustodial parent’s ability to foster and develop a relationship with the child.”  
Id.
  As we explained in 
Tibor
, at ¶ 8:

The purpose of N.D.C.C. § 14-09-07 is to protect the noncustodial parent’s visitation rights if the custodial parent wants to move out of state.  
Hanson
 [
v. Hanson
], 1997 ND 151, ¶ 10, 567 N.W.2d 216.  The custodial parent has the burden of proving the proposed move is in the best interests of the children.  
Keller v. Keller
, 1998 ND 179, ¶ 10, 584 N.W.2d 509.  A trial court’s decision whether the move is in the best interests of the children is a finding of fact which will not be overturned on appeal unless it is clearly erroneous.  
Id.
  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made.  
Id.

In reviewing a trial court’s findings of fact, which are presumptively correct, we view the evidence in the light most favorable to the findings.  
Schmaltz v. Schmaltz
, 1998 ND 212, ¶ 6, 586 N.W.2d 852.

[¶5] In determining if moving to another state is in a child’s best interests, the trial court must analyze four factors:

. The prospective advantages of the move in improving the custodial parent’s and child’s quality of life,

. The integrity of the custodial parent’s motive for relocation, considering whether it is to defeat or deter visitation by the noncustodial parent,

. The integrity of the noncustodial parent’s motives for opposing the move,

. The potential negative impact on the relationship between the noncustodial parent and the child, including whether there is a realistic opportunity for visitation which can provide an adequate basis for preserving and fostering the noncustodial parent’s relationship with the child if relocation is allowed, and the likelihood that each parent will comply with such alternate visitation.

Hawkinson v. Hawkinson
, 1999 ND 58, ¶¶ 6, 9, 591 N.W.2d 144.
(footnote: 0)  “No one factor dominates.”  
State ex rel. Melling v. Ness
, 1999 ND 73, ¶ 8, 592 N.W.2d 565.

[¶6] Lisa graduated from UND in 1996 with a degree in Textiles, Clothing and Merchandising.  Lisa testified she works in a secretarial position at the University of North Dakota at a salary of $15,482, with family health insurance, retirement program, life insurance, paid vacation and sick time.  She testified she lives in student housing for $285 per month, for which she qualified by taking college classes, which she has dropped.  She testified she has been offered a secretarial position in a Houston, Texas, law firm, where her brother-in-law works, at a salary of $22,000 per year, with health insurance and paid vacation and sick time after 90 days in the new job.  She testified the cost of living in Grand Forks is higher than in Houston.  She testified she and Faith would stay with her sister and brother-in-law in a Houston suburb for “maybe three months” rent-free, which would allow her “to save for deposits as well as rent.”  She testified the job in Houston would provide “better pay while I look for something, you know, that would match with the degree that I did attain.”  Thus, there is evidence supporting the trial court’s findings about the prospective advantages of the move.  There also is evidence supporting the trial court’s findings on the other factors involved.  We conclude the trial court’s finding the proposed move to Texas is in Faith’s best interest is not clearly erroneous.

[¶7] The guardian ad litem appointed in the parties’ divorce proceedings testified at the hearing on Lisa’s motion to move with Faith to Texas, and Mark contends the trial court erred in not considering his testimony and recommendations.  The weight assigned to a guardian ad litem’s testimony is within the trial court’s discretion.  
Schmaltz v. Schmaltz
, 1998 ND 212, ¶ 9, 586 N.W.2d 852.  A trial court should not regard a guardian ad litem’s testimony as conclusive.  
Id.
  We presume the trial court considered the testimony presented by the guardian ad litem.  
See
 
State v. Syvertson
, 1999 ND 134, ¶ 21 n.3, 597 N.W.2d 652, 
cert. denied
, 120 S.Ct. 380 (1999) (stating “a trial court is presumed to have done its duty”); 
In re J.A.G.
, 552 N.W.2d 317, 324 (N.D. 1996) (stating a juvenile court is deemed to have properly considered and weighed relevant information supplied for its consideration); 
Overboe v. Odegaard
, 496 N.W.2d 574, 578 (N.D. 1993) (stating if the record is silent on the matter of proof, it will be presumed the trial court heard and considered evidence necessary to give judgment).  We conclude Mark has failed to overcome the presumption the trial court properly considered the testimony presented by the guardian ad litem.

[¶8] Although we affirm the trial court’s order, we recognize that, because of the positions they took on the move itself, the parties may not have addressed visitation with as much flexibility as they could have.  “Children benefit from healthy relationships with both parents; divorced parents must seek to facilitate such bonds.”  
Hendrickson v. Hendrickson
, 2000 ND 1, ¶ 25, 603 N.W.2d 896.  For Faith’s benefit, we encourage the parties to reach a visitation agreement which will accommodate their schedules and memorialize their agreement in an amended judgment.

[¶9] The district court’s order is affirmed.

[¶10] William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

FOOTNOTES
0:
ょラ    
The first three factors were enunciated in 
Stout v. Stout
, 1997 ND 61, ¶ 34, 560 N.W.2d 903.  The fourth factor stated in 
Hawkinson
 is a reformulation of a fourth factor enunciated in 
Stout
, at ¶ 34.