# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 68

State of North Dakota ex rel.
Wayne Stenehjem, Attorney General,                 Plaintiff and Appellee

        v.

Terpsichore Maras, aka Terpsichore Maria
Helen Lindeman, aka Terpischore Lindeman,
aka Terpsichor Maras-Lindeman, aka
Terpsichore Maras-Lindeman, aka Terpsichor
Maras, aka Terpsichore P Lindeman, aka
Terpsechore Maras-Lindeman, aka Tore
Maras-Lindeman, aka Terpsichor Lindeman,
aka Terpsechore Maras-Lindeman, aka
Terpsehore P Maras-Lindeman, aka Terpsehore
Pete Maras-Lindeman, aka Terpsehore
Maras-Lindeman, doing business as A Magic
City Christmas, MLLabs-Events,             Respondent and Appellant

## No. 20200304

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Brian M. Card, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for plaintiff and appellee; submitted on brief.

David C. Thompson, Grand Forks, N.D., for respondent and appellant; submitted on brief.

**State ex rel. Stenehjem v. Maras**
**No. 20200304**

**Tufte, Justice.**

[¶1]   Terpsichore Maras appeals from a default judgment issued as a sanction for discovery abuses and a judgment dismissing her counterclaim for lack of jurisdiction. We affirm the default judgment, concluding the district court did not abuse its discretion. We also affirm the judgment dismissing Maras's counterclaim, concluding she failed to comply with notice requirements for claims against the State of North Dakota, which are jurisdictional.

I

[¶2]   The case arises out of the Attorney General's investigation of Maras for violation of consumer fraud protection laws. In January 2018, in a separate case, the Attorney General sought to enforce various subpoenas he issued under his power to investigate consumer fraud. *See* Case No. 51-2018-CV-191; *see also* N.D.C.C. § 51-15-05 (providing investigative subpoena powers). The Attorney General alleged Maras was engaging in solicitation of charitable donations, without registering as a charitable organization, in connection with an event she held out to be a fundraiser called "A Magic City Christmas."

[¶3]   In July 2018, the Attorney General commenced the present case seeking penalties, restitution, costs, and attorney's fees for alleged violations of consumer fraud protection laws, as well as an injunction and cancellation of a trade name. Maras pled a counterclaim for abuse of process. She alleged she is an investigative journalist who wrote critically of the Attorney General. She asserted the Attorney General's investigation, which she described as a "directed multi-front administrative and judicial onslaught against her," was designed to destroy her credibility. She sought money damages for severe emotional distress and damage to her reputation.

[¶4]   The Attorney General moved to dismiss Maras's counterclaim. The district court granted the motion, concluding it lacked jurisdiction because Maras had not complied with N.D.C.C. § 32-12.2-04, which requires a person bringing a claim against the State of North Dakota or a state employee to give

notice to the director of the Office of Management and Budget. The court entered judgment dismissing the counterclaim.

[¶5]   The Attorney General moved the district court to issue orders compelling Maras to comply with discovery requests. The court issued two orders to compel. In its second order, the court warned Maras that her "continued failure to cooperate in discovery may result in sanctions pursuant to N.D.R.Civ.P. Rule 37, which include rendering a default judgment against her." The Attorney General later moved for default judgment, asserting Maras continued to defy discovery requests.

[¶6]   On August 7, 2020, the district court granted default judgment against Maras as a sanction for discovery abuses and defiance of its orders. The court noted she had been held in contempt in the companion lawsuit, and it found she had not complied with the court's orders to compel in the present case—specifically that she "did not provide any response whatsoever" to the court's second order to compel. The court found Maras's actions were "deliberate and in bad faith." The court entered judgment in favor of the Attorney General, enjoining Maras from soliciting future charitable donations, cancelling her trade name, and ordering civil penalties, restitution, attorney's fees, and costs.

II

[¶7]   Maras asserts the district court erred when it dismissed her abuse of process counterclaim for lack of subject matter jurisdiction. She argues that the N.D.C.C. § 32-12.2-04 notice requirements do not apply to compulsory counterclaims and that the district court had subject matter jurisdiction over her claim.

[¶8]   The N.D.C.C. § 32-12.2-04 notice requirements for claims against the State of North Dakota or a state employee are jurisdictional. *Voigt v. State*, 2008 ND 236, ¶ 4, 759 N.W.2d 530. Dismissal for lack of jurisdiction is appropriate when the notice requirements are not met. *See id.* at ¶ 5. Maras does not challenge the court's factual finding that she did not provide notice. She argues the notice requirements are not applicable to her counterclaim. When jurisdictional facts are not in dispute, this Court reviews challenges to

the district court's subject matter jurisdiction de novo. *Schirado v. Foote*, 2010 ND 136, ¶ 7, 785 N.W.2d 235.

[¶9] The Attorney General argues we should summarily affirm the judgment because there is precedent governing the notice issue raised by Maras in this appeal. The Attorney General relies on *Dickinson Air Service, Inc. v. Kadrmas*, 397 N.W.2d 55, 58 (N.D. 1986) and *Laufer v. Doe*, 2020 ND 159, ¶¶ 14, 19, 946 N.W.2d 707. However, those cases concerned statutes dealing with actions for damages caused by the application of pesticide. *See* N.D.C.C. § 28-01-40 (repealed); N.D.C.C. § 4.1-33-18. They did not concern claims or actions against the State of North Dakota or a state employee. Nor did they require this Court to interpret the statutory language at issue in this case. Thus, contrary to the Attorney General's assertion, we have not addressed the question presented by this appeal.

[¶10] Section 32-12.2-04(1), N.D.C.C., states in relevant part:

> A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury . . . .

Under N.D.C.C. § 32-12.2-01(1), claim "means any claim for money damages brought against the state or a state employee for an injury caused by the state or a state employee . . . ."

[¶11] Maras's counterclaim sought damages based on the tort of abuse of process for the injuries of emotional distress and damage to her reputation. She sought money damages "in an amount greater than Fifty Thousand Dollars." Her counterclaim, compulsory or otherwise, therefore falls within the plain-language definition of "any claim" because it is one for money damages against the State for an injury. Maras does not assert she provided written notice of her claim to the director of the OMB, nor is there anything in the record to indicate she did. The notice requirements set out in N.D.C.C. § 32-12.2-04(1) are jurisdictional, and "strict compliance" is required. *Ghorbanni v. North Dakota Council on the Arts*, 2002 ND 22, ¶ 8, 639 N.W.2d 507. Because

Maras sought to bring a claim for money damages against the State and she did not comply with N.D.C.C. § 32-12.2-04(1), we conclude the district court did not err when it dismissed her claim for lack of subject matter jurisdiction.

III

[¶12] Maras argues the district court abused its discretion when it ordered default judgment as a sanction for discovery abuses. She asserts the Attorney General's discovery requests were abusive. She claims the Attorney General sought documents she either did not possess or information that the Attorney General had already acquired through administrative subpoena powers in a different case.

[¶13] Rule 37, N.D.R.Civ.P., vests the district court with a "wide spectrum" of sanctions for discovery abuses, including entry of default judgment. *Vorachek v. Citizens State Bank of Lankin*, 421 N.W.2d 45, 50 (N.D. 1988). The court has "broad discretion" when applying a sanction for a discovery violation. *Nelson v. Nelson*, 2019 ND 221, ¶ 13, 923 N.W.2d 386. "Dismissal of an action or entry of a default judgment as a sanction for discovery abuse should be imposed only if there is a deliberate or bad faith non-compliance which constitutes a flagrant abuse of or disregard for the discovery rules." *Vorachek*, at 50-51.

[¶14] A party challenging the court's sanction has the burden of showing an abuse of discretion. *Nelson*, 2019 ND 221, ¶ 13. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* A party challenging the imposition of sanctions meets his or her burden "only when it is clear that no reasonable person would agree with the trial court's assessment of what sanctions are appropriate." *Id.*

[¶15] The district court found Maras "consistently ignored" its discovery orders deliberately and in bad faith:

> Based upon [Maras's] failure to comply with the Court's past orders compelling discovery, her failure to respond to the Court's most recent order, her consistent disregard of the State's discovery

4

requests, and her willful failure to produce any responsive documents in this matter, the Court finds that [Maras's] non-compliance is deliberate and in bad faith. [Maras's] disregard for the rules of discovery has been a constant refrain from the first filing of this matter, and it has become clear to the Court she has no intention of complying with past or future discovery orders.

As she argued to the district court, Maras maintains on appeal that her non-compliance was permissible because the discovery requests were for "documents and information of which she was not in possession." However, the district court found Maras did not respond to "requests for documents that are clearly in her control, including tax documents, banking records, online accounts, e-mail communications, and recordings she already admitted to creating." The record supports the court's finding.

[¶16] Maras also maintains that the Attorney General's discovery requests were abusive because they were duplicative of information the Attorney General had already acquired through administrative subpoena powers. Even if some documents were duplicative, that would not excuse her non-compliance with the district court's orders. *See Nelson*, 2019 ND 221, ¶ 13 ("even when a party believes the district court's discovery order is erroneous, the party must comply as long as it remains in force"); *Bertsch v. Bertsch*, 2007 ND 168, ¶ 15, 740 N.W.2d 388 ("Even if [the appellant] thought the district court's order was erroneous, she should have complied with it."); *Flattum-Riemers v. Flattum-Riemers*, 1999 ND 146, ¶ 11, 598 N.W.2d 499 (failure to obey an order, even if erroneous and later reversed, is punishable as contempt of court).

[¶17] The district court gave Maras multiple warnings and ample opportunity to comply with its discovery orders, and she did not do so. *See Nelson*, 2019 ND 221, ¶ 19 (affirming the striking of claims as a sanction for discovery abuses when the district court gave plaintiff "multiple opportunities to comply and he refused"). The record supports the court's finding that Maras's non-compliance was deliberate and in bad faith. We hold the district court did not abuse its discretion when it ordered default judgment as a sanction for discovery abuses.

5

## IV

[¶18] The Attorney General has filed a "Motion for Summary Affirmance" and a motion to strike various factual allegations in Maras's briefing on appeal. We deny both motions.

## V

[¶19] We affirm the default judgment and the judgment dismissing Maras's counterclaim.

[¶20] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte