# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 218

State of North Dakota,                                    Plaintiff and Appellee

v.

S.J.H.,                                                Defendant and Appellant

and

S.D.S.,                                                              Plaintiff

## No. 20210165

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Stephen E. Williamson, Special Assistant Attorney General, Minot, North Dakota, for plaintiff and appellee; submitted on brief.

S.J.H., self-represented, Oxford, Michigan, defendant and appellant; submitted on brief.

**Tufte, Justice.**

[¶1]  S.J.H. appeals from a district court order granting the State's motion for sanctions against him for failure to obey a court order for genetic testing and from a default judgment ordering him to pay child support. We affirm the order and judgment, concluding the district court did not abuse its discretion.

I

[¶2]  The North Dakota Child Support Division ("State") commenced a civil action against S.J.H. to establish paternity for a minor child. S.J.H. retained counsel. In S.J.H.'s answer and counterclaim, he included a request for genetic testing to be conducted. At a hearing nearly four months later, he withdrew his request for testing. The district court then entered an order requiring S.J.H. to submit to genetic testing. The order stated that "[s]amples must be taken within 30 days of date of service of this Order."

[¶3]  After two months went by with no testing having been conducted, the district court requested a status update from the parties. S.J.H.'s counsel responded with "[t]o date, [S.J.H.] has not completed the ordered paternity test. After discussion with [S.J.H.], I intend to withdraw as his attorney of record." One day after this response, S.J.H.'s counsel moved to withdraw. The brief in support of the motion states that his attorney-client relationship with S.J.H. had "deteriorated to a degree that further representation is not possible" after their discussions about the proceedings "resulted in an impasse." The State subsequently scheduled an appointment for genetic testing for March 25, 2021, in S.J.H.'s state of residence. On March 10, the State sent a letter to S.J.H.'s counsel with the information regarding the upcoming appointment. This letter was sent to counsel only and not directly to S.J.H. On March 31, the court granted S.J.H.'s counsel's motion to withdraw.

[¶4]  On April 30, the district court again asked the State and S.J.H. for a status update. Because S.J.H. failed to attend his March 25 appointment, the State requested sanctions against him, including striking his answer and rendering default judgment against him under N.D.C.C. § 14-20-49(2). S.J.H.

initially responded to the State's motion by requesting a continuance to obtain new counsel, which was opposed by the State. S.J.H. then filed an answer stating that while he did receive the December 15 order for genetic testing, his attorney failed to inform him of his March 25 appointment. He stated that he was unaware of the March 25 appointment and learned of such appointment only upon being served the State's motion for default judgment two months later. The court granted the State's motion for sanctions, stating that S.J.H. "has not complied with the Order for Genetic Tests and has shown no indication that he will do so." In its judgment, the court held that despite the fact that no genetic testing had been done, S.J.H. was the biological father of the minor child and was ordered to pay child support. S.J.H. appeals from the order granting sanctions and from the judgment.

II

[¶5] S.J.H. argues the district court abused its discretion in granting sanctions against him. He argues that his former attorney failed to notify him of the scheduled genetic testing appointment, and thus he did not disobey the court order to submit to genetic testing.

[¶6] "If an individual whose paternity is being determined declines to submit to genetic testing ordered by the court, the court for that reason may adjudicate parentage contrary to the position of that individual." N.D.C.C. § 14-20-49(2) (Uniform Parentage Act (2002) § 622). The statute's use of the word "may" provides the district court discretion to adjudicate parentage as a consequence for refusing genetic testing. Because "[a]n order for genetic testing is enforceable by contempt," we analyze the district court's imposition of this remedy as a sanction. N.D.C.C. § 14-20-49(1). A party challenging a sanction "has the burden of showing an abuse of discretion." *State ex rel. Stenehjem v. Maras*, 2021 ND 68, ¶ 14, 958 N.W.2d 475. The party challenging the sanction meets its burden "only when it is clear that no reasonable person would agree with the trial court's assessment of what sanctions are appropriate." *Id*. An abuse of discretion exists when the district court "acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading

2

to a reasoned determination." *Nelson v. Nelson,* 2019 ND 221, ¶ 13, 932 N.W.2d 386.

[¶7]   The district court found that S.J.H. "has not complied with the Order for Genetic Tests" deliberately and in bad faith. The court further found that "[h]is actions are in violation of the court order and affect the discovery of evidence." On our review of the record, these findings are not clearly erroneous. Having found S.J.H. had declined to comply with its order for genetic testing, the court had discretion to "adjudicate parentage contrary to the position of that individual." N.D.C.C. § 14-20-49(2). *See also Interest of L.A.V.,* No. 04-19-00203-CV, 2020 WL 2044636, at *3 (Tex. Ct. App. Apr. 29, 2020) (applying Uniform Parentage Act (2002) § 622 and stating that because the alleged father "did not appear for DNA testing, we find no error by the trial court in determining [he] is" the child's father).

[¶8]   S.J.H. argues the district court abused its discretion in sanctioning him, because he was not notified of the scheduled appointment to appear for testing and so did not willfully fail to comply. The record supports the district court's finding that there was deliberate and bad-faith noncompliance with its order. S.J.H. initially filed his own request for genetic testing. Only later did he retract his request and decline to cooperate with testing. After S.J.H. reversed his position on genetic testing, the court ordered that S.J.H. submit samples for analysis to require his compliance. Despite the court's order that samples must be taken within 30 days of the order, S.J.H. did not submit to any genetic testing. S.J.H.'s former counsel confirmed that S.J.H. had still not completed the ordered paternity test approximately three months after the order had been entered. Counsel ultimately withdrew after S.J.H. disobeyed the order. The State made a last attempt to induce S.J.H. to comply with the order by scheduling a genetic sampling appointment in Michigan, S.J.H.'s state of residence. S.J.H. did not attend this scheduled appointment. The record is silent as to whether S.J.H.'s counsel communicated this appointment to S.J.H. The district court had not yet granted counsel's motion to withdraw when counsel received this information regarding S.J.H.'s upcoming testing appointment. As a result, counsel still owed a duty to communicate such information to S.J.H., and service on his attorney was the proper and required method of service. Although striking S.J.H.'s answer and granting default

judgment against him was a serious sanction, it was proportional and appropriate because the record supports the district court's finding that S.J.H. had no intention of cooperating with the court order and the court had no other means to induce compliance.

[¶9] The record shows the district court engaged in reasoned analysis and considered all relevant circumstances before exercising its discretion under N.D.C.C. § 14-20-49(2). The court considered S.J.H.'s state of mind in declining genetic testing. After finding that S.J.H. "has not complied with the Order for Genetic Tests and has shown no indication that he will do so," the court determined that striking his answer and entering default judgment against him was an appropriate sanction for his deliberate disregard of the order. The court also considered the evidence that S.J.H.'s former attorney reached an impasse with him when he did not comply with the order, which was the basis for the attorney's withdrawal from representation. Next, the court considered the prejudice to the opposing parties resulting from S.J.H.'s noncompliance with the order, including the impact it would have on presenting or defending the case. S.J.H.'s refusal to submit to testing deprived the mother and the State of the best evidence of paternity. Lastly, the court considered the availability of less severe sanctions. The court stated that "there [were] no means to enforce the Order . . . by having him return to North Dakota." Without S.J.H.'s cooperation or any means to require him to produce a genetic sample, the court was left with no alternative but to enter default judgment against him. We conclude the district court did not abuse its discretion by adjudicating parentage against the position of S.J.H. under N.D.C.C. § 14-20-49(2) for a violation of the court order for genetic testing.

III

[¶10] S.J.H. also argues the district court denied his right to an attorney in his civil matter. An alleged father involved in the adjudication of parentage does not have a right to a court-appointed attorney. *See Cody v. Cody*, 2019 ND 14, ¶ 18, 921 N.W.2d 679 ("Generally, there is no right to counsel in civil matters."). S.J.H. was represented by retained counsel for a majority of the proceedings involved in this civil matter. S.J.H. had two months from the time the court granted his counsel's motion to withdraw to the time S.J.H. requested

4

a continuance. We conclude the court did not err in denying S.J.H.'s request for a continuance to retain counsel after his first attorney withdrew.

IV

[¶11] We affirm the district court judgment and the order granting the State's motion for sanctions.

[¶12] Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte