FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
FEBRUARY 16, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 27

Panther Pressure Testers, Inc. and
Craig R. Chamberlain as Personal Representative
of the Estate of Kirk R. Wold,                    Plaintiffs and Appellees

v.

Brian Szostak and April Szostak,                  Defendants and Appellants

## No. 20220134

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kasey D. McNary, Fargo, ND, for plaintiffs and appellees.

James A. Teigland, Fargo, ND, for defendants and appellants.

**Crothers, Justice.**

[¶1]   Brian and April Szostak appeal from the district court's order granting a second motion for sanctions, and the court's finding of facts, conclusions of law, and order for judgment and judgment. The Szostaks argue the court abused its discretion by granting Panther Pressure Testers Inc., and Kirk Wold's second motion for sanctions and entering default judgment. The Szostaks also argue the court erred in its determination of damages. We affirm.

I

[¶2]   On August 19, 2019, Panther Pressure Testers Inc., and Kirk Wold sued the Szostaks alleging the Szostaks and Wold formed a company named Szostak Services, LLC. Panther and Wold alleged Wold was a member of Szostak Services and the company breached their contract by failing to recognize him as a member. Panther and Wold claim the Szostaks were unjustly enriched after Panther and Wold erroneously deposited funds into a Szostak Services' bank account and the Szostaks refused to return the funds. The Szostaks answered and counterclaimed.

[¶3]   On November 5, 2019, Panther and Wold served requests for production of documents, interrogatories, and requests for admissions. There is no record of a response from the Szostaks. On July 20, 2020, Panther and Wold served their second set of requests for production, interrogatories, and requests for admissions. In the Szostaks' answers to the second set of discovery, they objected to every request, gave vague responses to each interrogatory, denied every admission, and did not produce any documents. Panther and Wold moved to compel discovery. On October 19, 2020, the district court granted Panther and Wold's motion to compel. On October 29, 2020, the Szostaks served amended discovery responses, but again did not provide requested documents.

[¶4]   On May 25, 2021, Panther and Wold filed their first motion for sanctions due to Szostaks' non-compliance with the district court's October 19, 2020 order compelling discovery. A hearing was held on July 9, 2021. On July 12, 2021,

the court granted Panther and Wold's first motion for sanctions, required the Szostaks produce all discovery documents by July 14, 2021, and awarded Panther and Wold attorney's fees. On July 14, 2021, the Szostaks re-produced a few documents and one new document.

[¶5] On July 30, 2021, Panther and Wold served a N.D.R.Civ.P. 30(b)(6) deposition notice and a subpoena dues tecum on Szostak Services. Szostak Services did not bring any documents to the deposition. During the deposition, April Szostak revealed she and her husband had 12 boxes of documents pertaining to Szostak Services. On September 14, 2021, Panther and Wold filed their second motion for sanctions due to the Szostaks' failure to produce the boxes as previously stated. Panther and Wold requested that the district court enter default judgment against the Szostaks and dismiss their counterclaims. A hearing was held on October 26, 2021. On November 19, 2021, the court granted Panther and Wold's motion for default judgment by striking Szostaks' answer and dismissing their counterclaims with prejudice. The court received evidence of damages and on March 11, 2022, entered default judgment awarding Panther and Wold damages. The Szostaks' timely appealed.

II

[¶6] The Szostaks argue the district court abused its discretion by granting Panther and Wold's second motion for sanctions and entering a default judgment. Specifically, the Szostaks argue the court abused its discretion by misapplying the law because it did not consider culpability, prejudice, or alternative sanctions.

[¶7] Rule 37, N.D.R.Civ.P., provides: if a party fails to obey an order to provide discovery the district court may issue further just orders including a default judgment against the disobedient party. "Rule 37, N.D.R.Civ.P., vests the district court with a 'wide spectrum' of sanctions for discovery abuses, including entry of default judgment." *State ex rel. Stenehjem v. Maras*, 2021 ND 68, ¶ 13, 958 N.W.2d 475. "The court has 'broad discretion' when applying a sanction for a discovery violation." *Id.*

[¶8] "Dismissal of an action or entry of a default judgment as a sanction for discovery abuse should be imposed only if there is a deliberate or bad faith non-compliance which constitutes a flagrant abuse of or disregard for the discovery rules." *State ex rel. Stenehjem*, 2021 ND 68, ¶ 13. "A party challenging the court's sanctions has the burden of showing an abuse of discretion." *Id.* at ¶ 14. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, if it misinterprets the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* "A party challenging the imposition of sanctions meets his or her burden only when it is clear that no reasonable person would agree with the trial court's assessment of what sanctions are appropriate." *Id.*

[¶9] The district court found the Szostaks "engaged in deliberate and bad faith non-compliance with discovery, which constitutes a flagrant abuse of or disregard for the discovery rules." The court found the Szostaks' "discovery violations in this case are unlike any the Court has seen before and the relief sought by [Panther and Wold] is warranted here." Panther and Wold requested discovery from the Szostaks multiple times between 2019 and 2022. In violation of the court's orders, the Szostaks either never responded or vaguely responded without providing documents. When subpoenaed to produce documents at the Rule 30(b)(6) deposition, Szoztak Services did not bring any documents but revealed that 12 boxes of documents existed that the Szostaks did not produce in response to previous discovery requests and orders.

[¶10] Under N.D.R.Civ.P. 37(b)(2), the district court has broad discretion to impose sanctions, including default judgment. Rule 37, N.D.R.Civ.P., does not require the court to review discovery violations for culpability or prejudice when imposing sanctions. The court did consider and offer alternative sanctions short of default judgment. Panther and Wold served their first set of discovery requests on November 5, 2019. The Szostaks did not respond. Panther and Wold served their second set of discovery requests on July 20, 2020. The Szostaks answered but gave vague responses and did not produce the requested documents. After a motion to compel, the court ordered the Szostaks to more fully respond. The Szostaks did not comply with the district court's order. The court then imposed sanctions requiring the Szostaks produce

3

all documents by a specified date. The Szostaks attempted to assert new objections and produced one additional document. At the Rule 30(b)(6) deposition April Szostak admitted 12 boxes of relevant documents existed that had not been produced to Panther and Wold. The second motion for sanctions was filed after this disclosure.

[¶11] These facts establish the Szostaks failed to timely respond to two sets of discovery, and failed to comply with two orders compelling discovery. The Szostaks have not shown the district court acted in an arbitrary, unreasonable, or unconscionable manner, misapplied the law, or its decisions were based on the product of an irrational mental process. Therefore, the court did not abuse its discretion in compelling discovery, granting sanctions, and entering a default judgment against the Szostaks.

## III

[¶12] The Szostaks argue the district court abused its discretion because the amount awarded to Panther and Wold was not supported in the record. Panther and Wold respond by claiming the district court's damage award was supported by evidence.

[¶13] Rule 55, N.D.R.Civ.P., provides the procedures and requirements for default judgment. Damages under this rule are available as follows:

> "If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the failure is shown by declaration or otherwise, the court may direct the clerk to enter an appropriate default judgment in favor of the plaintiff and against the defendant as follows:
>
> (1) If the plaintiff's claim against a defendant is for a sum certain or a sum that can be made certain by computation, the court, on a declaration of the amount due and on production of the written instrument, if any, on which the claim is based, may direct the entry of judgment for the amount due plus costs and disbursements.
>
> (2) In all other cases, the court, before directing the entry of judgment, must require the necessary proof to

4

enable it to determine and grant any relief to the plaintiff. To this end, the court may:
(A) Hear evidence and assess damages;
(B) Direct a reference for an accounting or for taking testimony or for a determination of the facts; or
(C) Submit any issue of fact to a jury.

N.D.R.Civ.P. 55(a).

[¶14] The lineage of default judgment was explained in an earlier North Dakota Supreme Court decision. There, we addressed the quality of proof required before damages on default could be awarded:

"Traditionally, a trial court in North Dakota has had broad discretion in the quality of proof necessary for entering a default judgment. *See* ND Rev.Code § 28-0904 (1943) ('. . . the court, before rendering judgment upon default, shall require such proof as may be necessary to enable it to determine the relief, if any, to which the plaintiff may be entitled.'). This was the precursor of the standard in N.D.R.Civ.P. 55(a)(2). *See also Kelm v. Loiland*, 59 N.D. 18, 228 N.W. 420, 422 (1929) ('. . . while it is necessary for the plaintiff to offer proof showing the default, and proof supporting his demand, if the record is silent on the matter of proof, it will be presumed that the court heard and considered the necessary evidence to enable it to give judgment.'); *Naderhoff v. Geo. Benz & Sons*, 25 N.D. 165, 141 N.W. 501, 510 (1913) ('[S]uch proof may be made by testimony, by deposition or by affidavit showing the facts, inasmuch as where the defendant is in default the court may in its discretion consider an affidavit as proof.'). Ordinarily, it would be preferable for a trial court to require the affidavit of proof for a default judgment to be made by someone competent to testify on personal knowledge about facts or records that would be admissible in evidence. But, as in all evidentiary matters, the trial court has broad discretion in the quality of evidence that it may require before ordering entry of a default judgment."

*Overboe v. Odegaard*, 496 N.W.2d 574, 578 (N.D. 1993).

[¶15] "[I]n situations where a court has entered default, it is necessary for the nondefaulting party to submit an affidavit in support of a sum certain or, in all

5

other cases, such proof as may be necessary to enable the court to determine and grant the relief[.]" *Overboe*, 496 N.W.2d at 578. We review the evidence supporting the relief or damages granted from a default judgment under the abuse of discretion standard. *Id.* at 579. A trial court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner. *Id.* at 579-80.

[¶16] Here, the district court determined the damages awarded to Panther and Wold based on the Szostak Services' Member Control Agreement. The agreement states Wold receives 25% of the distributions of profits or losses. The amount of Szostak Services' lost distributions was calculated from multiple transaction summary reports. Based on those summaries the court found the Szostaks took out $1,461,509.91 between July 2012 and May 2020 and put that money in their personal account. Twenty-five percent of $1,461,509.91 is $365,377.47. Based on this evidence we conclude the district court did not act unreasonably in awarding $365,377.47 to Panther and Wold.

IV

[¶17] We affirm the district court's order granting a motion for sanctions and entering default judgment. We also affirm the court's determination of damages.

[¶18] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr

6